UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.:   8:23-MJ-01215-SPF |
| | ) | |
| Plaintiff, | ) | **Magistrate Judge Sean P. Flynn** |
| | ) | |
| -vs- | ) | <u>**OBJECTION TO MAGISTRATE**</u> |
| | ) | <u>**JUDGE'S ORDER OF DETENTION**</u> |
| SALEH YUSEF SALEH, | ) | <u>**PENDING TRIAL**</u> |
| | ) | |
| Defendant. | ) | |

The Defendant, by and through undersigned counsel, objects to the Order of Detention Pending Trial (Doc. #10, p. 5). The evidence does not support the conclusion that "no condition or combination of conditions of release will reasonably assure the safety of any other person and the community." Therefore, the Defendant respectfully requests that this Court reverse the Magistrate Judge's Order of Detention Pending Trial and order the Defendant released, with any conditions that this Court deems appropriate.

A Brief in Support is attached hereto and expressly made a part hereof.

Respectfully submitted,

*/s/ Scott J. Friedman*
SCOTT J. FRIEDMAN
(Ohio Bar #0084852)
sfriedman@sfriedman-law.com
IMG Building, Suite 600
1360 East 9th Street
Cleveland, OH  44114
216-241-1007 (Fax:  216-241-5464)
ATTORNEY FOR DEFENDANT

1

**BRIEF IN SUPPORT**

Pursuant to Crim.R. 59(a), a party may serve and file objections to a magistrate's order regarding non-dispositive matters within fourteen days after being served with a copy of a written order from a magistrate. "The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous."

Under 18 U.S.C. § 3145(b), "[i]f a person is ordered detained by a magistrate [United States magistrate judge], or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly."

A district court conducts a *de novo* review of a magistrate judge's decision to detain a defendant. *United States v. Alexander*, 742 F. Supp. 421, 423 (N.D. Ohio 1990). By doing so, the district court conducts the same analysis with the same options under 18 U.S.C. § 3142 as the magistrate judge. *United States v. Yamini*, 91 F. Supp. 2d 1125, 1129 (S.D. Ohio 2000).

"The Bail Reform Act carefully limits the circumstances under which detention may be sought to the most serious of crimes." *United States v. Salerno*, 481 U.S. 739, 747 (1987). "Detention until trial is relatively difficult to impose." *United States v. Singleton*, 182 F.3d 7, 10 (D.D.C. 1999). Only a limited group of defendants should be detained pending trial. *United States v. Shakur*, 817 F.2d 189, 195 (2d Cir. 1987).

In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall consider the available information concerning—

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g).

The Court has the obligation to consider whether any conditions or combination of conditions will reasonably assure the safety of any other person and the community, even where the court finds that the defendant poses a threat to the safety of the community. *United States v. Dominguez*, 783 F.2d 702, 706-707 (7th Cir. 1986).

In this case, the evidence does not support the continued detention of the Defendant Saleh Yusuf Saleh. According to the Order of Detention, the reasons for detention include the weight of the evidence against the Defendant, a lengthy period of incarceration if convicted, a history of substance abuse, opportunities for the Defendant to abscond due to contacts with the co-defendant, and "dealings with other persons engaged in criminal conspiracies."

However, the evidence demonstrates that Mr. Saleh is not a danger to any person or to the community, and will not abscond. The pretrial services report recommended that Mr. Saleh be released on a $20,000.00 unsecured bond. He is in Category 3 of the Pretrial Risk Assessment, which means that it is highly unlikely that Ms. Saleh will fail to appear or have a new criminal arrest. The pretrial services' conclusion is supported by the evidence presented. Mr. Saleh is twenty-four years old and has no criminal history. He was born in Cleveland, Ohio, where he resided prior to his arrest. He has a full-time job at SDM Food Mart, which is owned by his father, who also lives in Cleveland. Mr. Saleh's foreign travel is limited to a single trip to Palestine in 2012 and he does not currently have a passport. While the magistrate judge noted a concern over substance abuse, Mr. Saleh's substance use is limited to cannabinoids. Any allegation of drug possession or trafficking in this case was, based upon the Criminal Complaint, limited to Mr. Saleh's co-defendant; Mr. Saleh was not involved in drug trafficking or possession. Therefore, the evidence supports Mr. Saleh's release on bond, with appropriate conditions.

## CONCLUSION

The Defendant respectfully requests that this Court reverse the Magistrate Judge's Order of Detention Pending Trial and order the Defendant released, with reasonable conditions. The evidence presented does not support the Magistrate's conclusion that the Defendant poses any danger to any person or the community. Any potential concerns can be easily mitigated through bond conditions, including electronic monitoring.

    Respectfully submitted,

    */s/ Scott J. Friedman*
    SCOTT J. FRIEDMAN
    (Ohio Bar #0084852)
    sfriedman@sfriedman-law.com
    IMG Building, Suite 600
    1360 East 9th Street
    Cleveland, OH 44114
    216-241-1007 (Fax: 216-241-5464)
    ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies a copy of the foregoing motion has been filed electronically this 23rd day of March, 2023. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing system.

    */s/ Scott J. Friedman*
    SCOTT J. FRIEDMAN (#0084852)
    sfriedman@sfriedman-law.com
    ATTORNEY FOR DEFENDANT